HANOVER NAT. BANK OF CITY OF NEW YORK v. SUDDATH. (Circuit Court of Appeals, Second Circuit. April 30, 1907.) No. 265. Appeal from the Circuit Court of the United States for the Southern District of New York. Percy S. Dudley, for appellant. Edward B. Whitney, for appellee. Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. This is an equity action, brought by the Hanover National Bank against William F. Suddath, as receiver of the American National Bank of Abilene, Tex. The relief prayed for is: First, that an accounting be ordered to ascertain the amount due to the complainant, and that the amount so found may be set off against any amount found to be due from the complainant to the defendant; second, that the defendant be enjoined from the further prosecution of any action at law based upon the notes referred to in the bill. The facts sufficiently appear in the opinion of this court in Van Zandt v. Hanover Nat. Bank, 149 Fed. 127. It is manifest that if the Hanover Bank was unauthorized to use the notes sent to it by the Abilene Bank, except for the specific purpose mentioned in the letter of instructions transmitting them, this action cannot succeed. The mere fact that property of the Abilene Bank was temporarily in the hands of the Hanover Bank did not give the latter a right to apply that property in payment of the former's overdraft. The Hanover Bank was under no legal obligation to pay the checks of the Abilene Bank, when that bank had no balance on deposit with which to meet the checks. The Hanover Bank, in paying these checks and thus creating an overdraft, undoubtedly acted from the most praiseworthy motives; but the failure of the Abilene Bank on the succeeding day subjected its property, wherever situated, to the payment of the claims of its creditors. In the Van Zandt Case this court said: "The notes in controversy were never deposited by the Abilene Bank with defendant, nor did they come into its hands as collateral security within the commonly accepted meaning of these terms. They were temporarily in the hands of the defendant under an option to purchase them. We conclude that they did not come within the terms of the pledge, and that the defendant did not obtain a lien upon them. If the check drawn by the Abilene Bank upon the defendant, which caused the overdraft of its accounts, had been drawn with knowledge of the defendant's refusal to discount the notes, a different question would be presented; but it is fair to assume that this check was drawn in the expectation that before its presentation the notes would have been discounted and the proceeds credited to the Abilene Bank." The decree is affirmed.

THE STAMFORD. (Circuit Court of Appeals, Second Circuit. May 10, 1907.) No. 284. Appeal from the District Court of the United States for the Southern District of New York. Harrington Putnam, Henry E. Mattison, and Wing, Putnam & Burlingham, for appellants. James J. Macklin and La Roy S. Gove, for appellee. Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. Decree (148 Fed. 509) affirmed, with interest and costs.